**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
September 15, 2006

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **EXCALIBUR PAINT & COATINGS, LTD.** § § *Plaintiff* § § v. § § **ASHLAND INC.** § § *Ashland.* § | **CIVIL ACTION NO.7-05 CV-116-R ECF** |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Ashland's Motion for Summary Judgment (filed July 14, 2006) (Dkt. No. 28). After careful consideration of all parties' submissions and the law applicable to the issues before the Court , the Court **GRANTS** this Motion.

## I.  BACKGROUND

Excalibur Paint & Coatings, Ltd. (Excalibur) sued Ashland Inc. (Ashland) for breach of express and implied warranties and breach of duty of good faith in regard to the sale of a product, EPIKURE 3502 (Epikure). Excalibur is a manufacturer of industrial coatings and Ashland is a distributor of Epikure, a coating activator, which is manufactured by Resolution Performance Products (RPP). Excalibur purchased Epikure to make a coating which was then sold to its third-party customer, Wichita Tank, to line oil frac tanks. Epikure allegedly caused an adverse reaction resulting in damages to Wichita Tank and Excalibur.

Between June of 2001 and March of 2003, Excalibur purchased Epikure from Ashland. Excalibur used Epikure as the activator in its coating mixture, which was then sold in two parts, Part A and Part B. Part A was Excalibur's coating mixture and Part B was Epikure. The two parts were mixed by the customer to create a final coating that was then applied to oil frac tanks.

In 2001, Excalibur notified Ashland that its third-party customer, Wichita Tank, was experiencing problems with Epikure. Specifically, the customer reported chemical reactions, intense heat, and discoloration when applying the coating mixture, resulting in financial injury. Excalibur attributed the adverse reaction to defects in Epikure. In response to the problem, Exclalibur claims Ashland promised to begin new quality control measures and add control agents to Epikure. However, in 2003, Wichita Tank continued to experience the same problems, and subsequently Excalibur lost Wichita Tank as a customer, allegedly due to the defective Epikure.

Excalibur claims that Ashland breached its duty of good faith in performance of a sales transaction. Specifically, Excalibur claims Ashland breached express and implied warranties: (1) that goods would conform to the promises of the seller and (2) that goods would be fit for the particular purpose for which they were required. Excalibur claims it relied on both Ashland's oral representations that Epikure would be modified with control agents and on the judgment of Ashland to furnish goods for a particular purpose. Excalibur asserts that the failure of the goods to conform to Ashland's representations and the unfitness of the goods for a particular purpose was the proximate cause of damages. Excalibur seeks damages of loss profits, loss of good will, and material labor costs.

Excalibur timely filed this lawsuit in Wichita County District Court, 78th Judicial District, case number 162-228-B. The case was removed to this Court on June 20, 2005 (Dkt No. 1) under

2

diversity jurisdiction. On July 14, 2006, Ashland filed a Motion for Summary Judgment on all of Excalibur's claims.

## II.  ANALYSIS

Excalibur asserts that Ashland breached express and implied warranties including nonconformity of goods and fitness of goods for a particular purpose. Ashland denies that it represented to Excalibur that control agents would be added to Epikure. Ashland further claims that Excalibur's remedies have been excluded or limited pursuant to the parties' contract. The court grants Ashland's Motion for Summary Judgment for the following reasons: (1) Excalibur has produced insufficient evidence that any express or implied warranties were made by the Ashland, or in the alternative, (2) Excalibur's warranty claims are barred pursuant to the parties' contract.

**A. Summary Judgment Standard**

Summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. . ." FED. R. CIV. P. 56©). An issue is material if it involves a fact that might affect the outcome of a suit under governing law. *See Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party. *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994).  As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.  Once the moving party has satisfied this burden, the non-moving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The court must inquire as to whether there is sufficient evidence upon which reasonable jurors could properly find by a preponderance of the evidence that Excalibur is entitled to a verdict. *Anderson*, 477 U.S. at 249-50.  In other words, summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  A "sufficient showing" consists of more than a scintilla of evidence in support of the moving party's position. *Anderson*, 477 U.S. at 249-50; *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986) (stating that "conjecture alone" was insufficient to raise an issue as to existence of an essential element).

**B. Excalibur has produced insufficient evidence of Ashland's breach of warranties.**

No genuine issue of material fact exists as to Excalibur's claims that Ashland made or breached any express or implied warranties. Excalibur claims that in 2003, Ashland made the express warranties that a control agent would be added to Epikure to cure alleged defects. However, contrary to the facts alleged in Excalibur's Original Complaint, summary judgment evidence indicates that only RPP, the manufacturer of Epikure, made these representations. Excalibur's Admission Responses and the deposition of its chief executive officer ("CEO"), Randy Funston, plainly state that RPP, not Ashland, promised to modify Epikure. (See Appendix pp. 78, 81, Admission Responses Nos. 16, 55). Further, Excalibur admitted that it knew Ashland did not manufacture Epikure, that Ashland did not modify the product or promise to modify the product, and that Ashland sold the product to Excalibur "as is." (See Appendix pp. 80-82, Admission Responses Nos. 31, 57-61; and, Appendix pp. 62-63, Funston Deposition p.152-153).

The only controverting evidence Excalibur presents is an affidavit of CEO, Randy Funston, contradicting his prior sworn testimony. The affidavit states that although RPP made the representations, Excalibur relied only on the Ashland's assurances that the problem would be resolved and Ashland's judgment concerning RPP's credibility. These statements contradict prior sworn testimony and written discovery responses that Excalibur knew that Ashland could not make any representations because Ashland was merely a supplier, not a manufacturer of Epikure.

The affidavit does not present an issue of material fact to the court. A non-moving party cannot use a self-serving affidavit to create a fact issue for the purpose of avoiding summary judgment. *Doe v. Grossman*, No. 99-CV-1336-P, 2002 WL 1400626 (N.D. Tex. Aug. 25, 2000) (citing *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (5th Cir. 1975)). Funston's self-

serving affidavit contradicts prior testimony and presents no evidence that Ashland made or breached any express or implied warranties.

**C.  Excalibur's warranty claims are contractually barred.**

In the alternative, if express or implied warranties were made by Ashland, they were disclaimed pursuant to the parties' contract. Excalibur signed a Contract and Bill of Lading each time Epikure was delivered by Ashland (App. P. 79, Admission Responses No. 20; and, Appendix pp. 31-31, Funston Deposition). The contract expressly states that the terms are governed by Ohio law and disclaims all express and implied warranties including a warranty of merchantability or fitness for a particular purpose.

Under Ohio law, to exclude or modify the implied warranty of merchantability the writing must (1) mention merchantability and (2) be conspicuous. Further, to exclude or modify any implied warranty of fitness, the exclusion must be (1) in writing and (2) conspicuous. Ohio's Revised Code §1302.29 [U.C.C. 2-316]. The written contract in this case expressly states,

> SELLER warrants that Product will conform to the description stated herein. SELLER MAKES NO OTHER WARRANTY REGARDING QUALITY OR PERFORMANCE OF THE PRODUCT.  THERE IS NO IMPLIED WARRANTY THAT THE PRODUCT WILL BE MERCHANTABLE OR FIT FOR THE BUYER'S PARTICULAR PURPOSE.

*(See Appendix pp. 7, 14(b),* Contract Paragraph 1; and, *see also Appendix p. 79*, Admission Responses, No. 20.). The warranty contract terms in this case were in writing, in conspicuous large bold type, and  mentioned the term "merchantability."  Therefore, the disclaimer of warranties is valid, and Excalibur's claims have been excluded or limited under the terms of the contract.

Further, the contract also bars claims for direct, consequential, and incidental damages, limiting them to the purchase price of materials. Thus, Excalibur is barred from recovering for lost profits, loss of goodwill, and any other special or consequential damages. Moreover, the contract contains a statute of limitations of one year, and all claims of nonconformity are waived if Excalibur failed to notify Ashland in ten days. Excalibur admits it did not notify Ashland of any nonconformity during the applicable time period. Additionally, since Excalibur's initial complaint was filed more than two years after the deadline imposed by the parties' contract, Excalibur's claims are time barred.

Excalibur's only response to the contractual evidence is that copies of the contract were not included in Ashland's Motion for Summary Judgment Appendix or summary judgment evidence, and Excalibur's CEO, Randy Funston, did not have actual knowledge of any contract provisions pertaining to warranties, limitations of remedy, statute of limitations and choice of law. Additionally, Excalibur claims that its employees who signed the contract were not authorized to enter into a contact on behalf of Excalibur.  The only evidence presented by Excalibur of this fact is the self-serving affidavit of Excalibur's CEO, Randy Funston.  On the issue of enforceability of the signed contract, the non-moving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322-23.  Excalibur has not met this burden. Therefore, as matter of law, Excalibur's warranty claims are dismissed.

### III. CONCLUSION

7

For the reasons stated above, the Court **GRANTS** Ashland's Motion for Summary Judgment on Excalibur's express and implied warranty claims.

**It is so ORDERED.**

**ENTERED: September 15, 2006.**

_____

**JERRY BUCHMEYER,**

**SENIOR U.S. DISTRICT JUDGE**

**NORTHERN DISTRICT OF TEXAS**